IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:16-cv-00254-MR
[CRIMINAL CASE NO. 1:09-cr-00025-MR-DLH-12]

| | |
|---|---|
| LISA EUGENIA WYKLE, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM OF**<br>**DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1]. For the reasons that follow, the Court dismisses the petition.

## PROCEDURAL HISTORY

On November 2, 2009, the Petitioner pleaded guilty pursuant to written plea agreement to one count of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841 and 846. On July 8, 2010, this Court sentenced Petitioner to a term of 204 months' imprisonment. [Crim. Case No. 1:09-cr-00025-MR-DLH-12 ("CR"), Doc. 119: Judgment]. The Fourth Circuit Court of Appeals affirmed her conviction and sentence on

May 6, 2011. [CR Doc. 337]. On January 21, 2016, this Court subsequently reduced Petitioner's sentence to 169 months, pursuant to Amendment 782 and 18 U.S.C. § 3582(c)(2). [CR Doc. 366].

Petitioner placed the instant motion to vacate in the prison mailing system on July 17, 2016, and it was stamp-filed in this Court on July 21, 2016. [Doc. 1]. The motion to vacate does not identify any particular ground for relief. Under the section entitled "Timeliness of Motion," however, Petitioner references "[t]he bill was just passed for minor role (2016) reduction." [Id. at 12]. Thus, it appears that Petitioner contends that Amendment 794 to U.S.S.G. § 3B1.2 makes her eligible for a minor role adjustment to her sentence.

## STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**DISCUSSION**

Petitioner is not entitled to relief under Section 2255. The claim Petitioner appears to be asserting is in substance one for sentencing relief under 18 U.S.C. § 3852, based on a retroactive amendment to the sentencing guidelines. Petitioner must seek such relief on this claim, if at all, by filing a motion in her criminal case. See United States v. Jones, 143 F. App'x 526, 527 (4th Cir. 2005) (holding that the district court erred in construing the petitioners' motions under 18 U.S.C. § 3582(c)(2) for reductions in sentence based on retroactive application of Amendment 591 as Section 2255 motions); Ono v. Pontesso, No. 98-15124, 1998 WL 757068, at *1 (9th Cir. Oct. 26, 1998) (noting that a request for a modification of a sentence pursuant to an Amendment to the Sentencing Guidelines "is most properly brought as a motion under 18 U.S.C. § 3582"); see also United States v. Mines, No. 3:09-cr-106-HEH, 2015 WL 1349648, at *1 (E.D. Va. Mar. 4, 2015) (stating that, to the extent that the petitioner "seeks a reduction in sentence pursuant to any amendment to the United States Sentencing Guidelines, he must file a separate motion for reduction of sentence pursuant to 18 U.S.C. § 3582"). Thus, the Court will dismiss this action without prejudice to allow Petitioner to bring a motion for reduction of sentence in her underlying criminal action.

**CONCLUSION**

For the reasons stated herein, the Court will dismiss the motion to vacate without prejudice to in order to allow Petitioner to file a motion for a sentence reduction in her criminal action.

The Court finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: November 23, 2016

Martin Reidinger
United States District Judge